### INCOMPETENCY OF EVIDENCE RELATING TO A PROPOSED COMPROMISE.

Court of Appeals for Hamilton County.

THE CITY OF CINCINNATI v. AUGUST J. HENKEL & BROTHER.

Decided, July 16, 1914.

*Controversy as to Amount Due Under a Contract for a Street Improvement—Compromise of Claim which Was Not Carried Out—Error in Admission of Evidence Relating Thereto.*

In a controversy as to the amount due to the plaintiff, it is prejudicial error to admit evidence which on its face shows that it related entirely to a proposed compromise settlement.

*Alfred Bettman,* City Solicitor, and *Stanley W. Merrell* and *Mitchell Wilby,* Assistant City Solicitors, and *Geoffrey Goldsmith,* for plaintiff in error.

*Dolle, Taylor & O'Donnell,* contra.

JONES, O. B., J.; SWING, J., and JONES. E. H., J., concur.

This action was brought by plaintiff below under a contract for grading and macadamizing Grandin road from Madison road to its southeastern terminus. In the contract, in which the plaintiff was described as the "party of the second part," the following provision was made as to the computation of the amount of work done:

"D. The said party of the second part further agrees that that the certificate of the chief engineer of the board of administration, or of one of the assistant engineers of said board, to be appointed by the said board to survey the work, shall be the account by which the amount of work done shall be computed."

The contract provided that the city was to pay plaintiff the sum of $1.95 per cubic yard for all broken stone placed in position.

When the work was completed the engineer made calculations and prepared an estimate. The original figures showing that 1,920 cubic yards of broken stone had been furnished and placed, and the contractors complaining as to this quantity the engineer made further allowances because of mud which had existed upon parts of the road when the preliminary cross section was taken and because of an error in the cross section levels, and increased this estimate to 2,228 cubic yards, which was the figure given in the final estimate and certificate accepting the work.

Plaintiff below complained to the board of public service, but the engineer declined to change his figures, and the estimate was paid as thus made. The board of public service, however, appointed a committee which recommended that: "the road be accepted by this board as complete; that the contractor be paid upon the basis of the engineer's estimate, and that in addition thereto he be allowed the sum of $500 as a compromise to settle the differences at issue; payment to be made in the usual manner upon the presentation of properly approved voucher."

This report was adopted by the majority vote of the board, three members voting for it and one against it, and the compromise was accepted by the contractor in a letter, as follows:

"We accept your offer of compromise for the amount due us for the improvement of Grandin road from Madison pike to eastern terminus, and agree upon payment to us of the estimate of your engineer and the sum of $500 that the same shall be in full of all claims and demand which we have against the city of Cincinnati under our contract with it for the improvement of such roadway."

After which action of the board, at its meeting one week later the engineer submitted final estimate voucher for resurfacing Grandin road, amounting to $7,034.15, which contained 2,228 cubic yards of stone and which was approved and ordered paid by the majority of the board, and the clerk submitted an additional voucher in favor of the plaintiff in the sum of $500, 'authorized by the resolution of this board on Aug. 19, 1904, in set-

tlement of claim of said contractors for stone furnished in contract for resurfacing Grandin road, from Madison road to southeastern terminus, being in excess of final estimate for work done as submitted by the engineer.''

This voucher was approved and ordered paid, by a majority vote of said board.

The final estimate as prepared by the engineer and ordered paid, amounting to $7,034.15, was duly paid by the city, but the additional voucher in settlement of claim of A. J. Henkel & Brother ''being in excess of final estimate for work done as submitted by the engineer'' amounting to $500, on being presented to the city auditor for payment was refused by him and never paid by the city.

This action was therefore brought to recover $2,090.40, being for 1072 cubic yards of broken stone which plaintiff below claimed to have been furnished in excess of the amount as computed by the city engineer, and said plaintiff claimed that the engineer did negligently, arbitrarily, unreasonably and in bad faith certify that the amount of broken stone was 2,228 cubic yards, when plaintiff had actually furnished 3300 cubic yards.

The defendant denies bad faith or mistakes on the part of the engineer, and asserts that the amount certified was the correct amount of broken stone furnished, and pleads full payment in accordance with the final estimate, and sets up the contract provision which provided that the certificate of the engineer shall be the account by which the amount of work done should be computed.

In the trial of the case plaintiff was permitted to offer in evidence the unpaid voucher for $500 which had been prepared and allowed by the board of public service in favor of the plaintiff below by way of compromise, as well as the extract from the minutes of the board of public service showing its action in regard to the proposed compromise. This evidence was admitted over the objection of the defendant and its exception noted.

There can be no question, under the rule laid down in *Sherer* v. *Piper & Yenney,* 26 O. S., 476, that this evidence which on its face is shown to be entirely a matter of compromise and settlement, was incompetent, and it could not be otherwise than pre-

judicial.· Defendant in error, however, contends that it was offered only to show a declaration against interest on the part of the city and was competent for that purpose. We do not understand under what rule this claim could be upheld. It is the action of one board, on behalf of the city, and it does not appear to be authorized by the contract itself, and on its face shows that it is entirely by way of compromise. There is no finding by the board that the estimate of the engineer was in any way incorrect or improper, but on the contrary it was approved and confirmed by the board and the payment ordered under it, the additional payment being, as shown on its face, to settle an additional claim made by the contractor. If the board had intended to find that more stone had been delivered than were included in the engineer's estimate, they should have so stated, or should have ordered a remeasurement and computation.

The attempt made by the trial judge to limit the effect of this improper evidence in his general charge to the jury, does not in our opinion cure the error of its admission.

Judgment below is therefore reversed and cause remanded for a new trial.